UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARRIE-ANN M., on Behalf of ANTHONY M., Deceased., <br>     Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1] <br>     Defendant. | No. 3:22-cv-719 (SRU) |

## ORDER ON MOTION FOR ATTORNEYS' FEES

Attorney Ivan Katz represented Carrie-Ann M.[2] ("plaintiff") in an action appealing the Social Security Administration's decision denying her claims, on behalf of her late husband, Anthony M., for disability benefits and Supplemental Security Income. *See* Compl., Doc. No. 1. A consent motion to reverse and remand for additional development of the record was filed on November 17, 2022, which I granted. *See* Doc. Nos. 15, 17. Judgment entered on November 23, 2022. *See* Doc. No. 18.

On January 13, 2023, the defendant filed a joint motion for attorney fees under the Equal Access to Justice Act ("EAJA"), stipulating to an award of $9,750.00. *See* Doc. No. 19. On February 15, 2023, this Court entered an order granting that motion for EAJA fees. *See* Doc. No. 22.

---

[1] On December 20, 2023, Martin O'Malley replaced Kilolo Kijakazi as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is directed to substitute Martin O'Malley for Kilolo Kijakazi in this action.

[2] Pursuant to the U.S. District of Connecticut Standing Order on Social Security Cases, the plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

On January 3, 2024, Attorney Katz filed a motion for attorney's fees under 42 U.S.C. § 406(b). *See* Doc. No. 23. On January 23, 2024, Attorney Katz filed an amended motion for section 406(b) attorneys' fees, requesting an order approving attorneys' fees in the amount of $19,999.75. *See* Doc. No. 25. The Commissioner takes no position on the amended request for attorneys' fees. *See* Doc. No. 26, at 2.

**I.      Standard of Review**

Section 406(b)(1) of the Social Security Act provides, in part, that "[w]henever a court renders a judgment favorable to a [counseled] claimant" under the Social Security Act, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Attorneys' fee awards under section 406(b) are paid directly out of the plaintiff's past benefits in accordance with the terms of a contingency agreement. *Id.*; *see Walls v. Comm'r of Social Security*, 2020 WL 3026462, at *1 (D. Conn. June 5, 2020).

Requests for section 406(b) fees must be both timely and reasonable. In determining whether a section 406(b) application is timely, the Second Circuit has instructed courts to apply Rule 54's fourteen-day deadline, "but 'the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award.'" *Bukilici v. Saul*, 2020 WL 2219184, at *2 (D. Conn. May 7, 2020) (quoting *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019)).

In assessing whether the requested fee is reasonable, the Second Circuit has instructed courts to consider two factors in addition to the statutory 25-percent cap: "whether there has been fraud or overreaching in making the agreement" and "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan* (*Wells II*), 907 F.2d 367, 372 (2d Cir.

1990). It is the "attorney for the successful claimant" who "must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002).

If counsel receives fees pursuant to both the EAJA, 28 U.S.C. § 2412, and section 406(b), counsel is to "refund[] to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985); *see also Gisbrecht*, 535 U.S. at 789.

**II.   Discussion**

   A.   Timeliness

The plaintiff's initial motion for attorneys' fees was filed on January 3, 2024. *See* Doc. No. 23. Attached to that motion were letters addressed to the plaintiff giving her notice of her late husband's entitlement to disability benefits and her own entitlement to mother's benefits, both dated December 26, 2023. *See* Doc. Nos. 23-1, 23-2. The motion was therefore filed eight days after the issuance of the notice of the amount of the benefits award. The plaintiff's amended motion was filed on January 23, 2024, seven days after the agency issued a replacement letter updating the amount of child's benefits due to the decedent's children. *See* Doc Nos. 25, 25-2. Because Attorney Katz filed the motions within fourteen days after the claimant received notice of the amounts of any benefits awarded, the motions are timely under Rule 54. *See Sinkler*, 932 F.3d at 91 ("[T]he fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation.").

   B.   Reasonableness

In this case, the fee agreement between the plaintiff and Attorney Katz contemplates a contingent fee of twenty-five percent of all past-due benefits for any successful appeals. *See* Doc. No. 23-4. The amount requested, $19,099.75, does not exceed twenty-five percent of the past-due benefits to the decedent and his family members. *See* Doc. No. 25, at ¶ 3. The fee amount

3

therefore is in line with that agreed to by the parties and does not exceed the statutory cap. *See* 42 U.S.C. § 406(b)(1)(A).

Turning to the second and third reasonableness factors, I must consider whether there was any fraud or overreach, and whether the requested amount is "so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372. Neither party has reported any fraud or overreach, and I have not otherwise found any indication thereof. Regarding whether there is a windfall, I must consider "more than the de facto hourly rate." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). The Second Circuit has therefore outlined three additional factors that should inform a court's determination of a windfall. First, "the ability and expertise of the lawyers and whether they were particularly efficient." *Id*. Second, "the nature and length of the professional relationship with the claimant," which "can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id*. at 855 (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). Third, the court should consider "the satisfaction of the disabled claimant"; and, fourth, "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id*. at 855.

A review of the fee itemization submitted by Attorney Katz shows that he spent 43 hours on this case, and he seeks a payment that amounts to an hourly rate of $465.11. *See* Doc. No. 25, at ¶¶ 11-12. Because of counsel's expertise, his time spent reviewing the record and drafting documents, and the ultimate satisfaction of the plaintiff, I conclude that the requested amount is reasonable and not "so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372.

Accordingly, I **grant** the plaintiff's amended motion, doc. no. 25, and I approve Attorney Katz's request for an award of **$19,099.75** in attorneys' fees under section 406(b). The fee is payable from the past-due benefit award to his client.

C. <u>Previous EAJA Award</u>

On January 5, 2022, I awarded the plaintiff $9,750.00 in attorneys' fees pursuant to the EAJA. *See* Doc. No. 22. Accordingly, because the $19,099.75 in attorneys' fees I award now exceeds the amount awarded previously, Attorney Katz is **ordered** to return the EAJA award to his client. *See Wells v. Bowen* (*Wells I*), 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [counsel] to return the lesser of either that amount or the EAJA award to his clients.").

**III.    Conclusion**

For the foregoing reasons, the plaintiff's amended motion for section 406(b) fees, doc. no. 25, is **granted**. The plaintiff's counsel is awarded **$19,099.75** in attorneys' fees. Additionally, the plaintiff's counsel is ordered to return the EAJA award previously ordered, *see* doc. no. 22, to his client.

So ordered.

Dated at Bridgeport, Connecticut, this 19th day of July 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge